## Bard *against* Nevin.

An action will not lie against the personal representative of a deceased defendant in ejectment, to recover the *mesne* profits of the land which accrued during the pendency of that action. The cause of action does not survive.

ERROR to the common pleas of *Cumberland* county.

Jane Bard, William Hunter and Sarah M'Intire against John W. Nevin, administrator of John Nevin, deceased. This was an action of assumpsit, in which the following facts were agreed to and considered as a special verdict.

Joseph Hunter and Jane Bard brought an action of ejectment to No. 94 of November Term 1822, in the court of common pleas of Cumberland county, against Elizabeth Hunter, widow of William Hunter, to recover a tract of land in Southampton township, in said county, in possession of Elizabeth Hunter. Plaintiffs claimed title to said land, as two of the heirs at law of the aforesaid William Hunter, deceased, and in the above stated action of ejectment, claimed the two undivided third parts of the aforesaid tract of land. Elizabeth Hunter died prior to 27th December 1824, and on that day her will was proved, and letters testamentary issued to John Nevin and Alexander Peebles, the executors named therein. On the 12th of December 1827, the death of defendant was suggested on the record of the aforesaid action of ejectment, and John Nevin, her surviving executor, was substituted. On the 18th of November 1829, the death of John Nevin, was suggested; and on the 30th of April 1830, William M. Nevin, administrator *de bonis non*, &c., of Elizabeth Hunter, deceased, was substituted. On the 13th of August 1830, a verdict was rendered for plaintiffs in said ejectment, for the two equal undivided third parts of the tract of land aforesaid, on which judgment was entered, which judgment was affirmed by the supreme court, the 22d of October 1830. After the aforesaid recovery, the plaintiffs in the ejectment, and Sarah M'Intyre, who were the three heirs at law of the aforesaid William Hunter, deceased, entered into possession of the aforesaid tract of land. In April 1827, John Nevin, surviving executor of the aforesaid Elizabeth Hunter, deceased, (his co-executor being then dead, entered into possession of the said tract of land, in pursuance and by virtue of the last will and testament of the said Elizabeth Hunter, deceased, and claiming title to the same as her executor), and received as executor of Elizabeth Hunter, deceased, from his tenants, who occupied and farmed said land, rent amounting to 174 dollars; in April 1828, 210 dollars, and in April 1829, 140 dollars 25 cents, in

[Bard v. Nevin.]

all 524 dollars 25 cents. On the 31st of August 1830, John W. Nevin, administrator of John Nevin, deceased, settled the account of the aforesaid decedent, as executor of the aforesaid Elizabeth Hunter, deceased, in the orphans' court of Cumberland county, in which he charged the aforesaid sums, as rents received at the times before stated.

On the 20th of April 1839, upon the application of John W. Nevin, administrator of John Nevin, deceased, the following rule was granted by the orphans' court of Cumberland county.

" In the case of the administration account of John W. Nevin, administrator of John Nevin, deceased, who was executor of Elizabeth Hunter, deceased.

" Rule upon all the parties interested to show cause why the said administration account, passed the 31st of August 1830, should not be opened, so far as respects the charges in the said account of rent, due in 1827, 1828 and 1829, amounting to 524 dollars 25 cents, so that the same may be stricken out in the event of the recovery of the said rent in an action now pending for the same in the common pleas." Said rule was made returnable at the next orphans' court, and after notice to the parties in interest, the same was made absolute by the court, the 10th of September 1839, and the account remains open for the decision of this case. *Joseph* Hunter, who resided in Newville, Cumberland county, Jane Bard and Sarah M'Intyre were the heirs at law of the aforesaid decedent. The parties in this suit each to have the same benefit of the fact that the name " *William* Hunter" is mentioned, and the name *Joseph* Hunter is not mentioned as a party plaintiff in this action, as if the same were tried before a jury, under the direction of the court. The will of the aforesaid Elizabeth Hunter, if either party consider it material, to be considered a part of this case as if here inserted. This action is brought to recover the amount of the aforesaid rents, received as aforesaid, by John Nevin, deceased; and should the court be of the opinion that plaintiffs are entitled to recover, judgment to be entered for plaintiffs for 524 dollars 24 cents, with interest from the 31st of August 1830: otherwise judgment to be entered for defendants.

The court below (Hepburn, president) rendered a judgment for the defendant.

*Graham,* for plaintiff in error, on the subject of the joinder of the plaintiffs, cited 15 *Johns.* 479; 13 *Johns.* 206. As to the form of the action and its surviving against the personal representative of the defendant in the ejectment, he cited 1 *Yeates* 121; 2 *Dall.* 276; *Cowp.* 246; 1 *Salk.* 28; *Cro. Car.* 303; *Cowp.* 374; 6 *Serg. & Rawle* 369; 6 *Vez.* 88; 1 *Pr. Wms.* 407; 1 *Madd. Rep.* 116; 1 *Bac. Ab.* 18; 3 *Atk.* 757; 1 *Vez.* 524; *Prec. Chan.* 517.

*Watts,* for defendant in error. This was an action of assumpsit,

brought to recover the *mesne* profits of a tract of land, the two-thirds of which was recovered by two of the plaintiffs in ejectment. The reasons why the plaintiffs may not recover are obvious.

1. Assumpsit will not lie.

2. Especially the action will not lie in favour of Sarah M'Intyre, whose right to the land has never been established.

3. If she cannot recover, none of the plaintiffs joined with her can in this action.

4. The plaintiffs cannot support a joint action.

1. The idea is new that assumpsit may be maintained to recover the *mesne* profits of land which the defendants held adversely. John Nevin, deceased, the executor of William Hunter, entered into the possession and received the rents and profits of the land, as a trustee for the devisees, and although he may have been a trespasser, no implication of a contract arises in favour of third persons, who claimed and ultimately recovered the land, upon which assumpsit would lie.

If an injury was done to the plaintiffs, it was a trespass upon their freehold, and this action does not survive the death of the defendant. See Pemod *v.* Morrison, 2 *Penn. Rep.* 131, where it is held, that for acts which affect the *personalty* of the plaintiff, *and* from which the defendant derives a benefit, the action will survive the death of the plaintiff, and even as to personalty, *quære,* whether it survives the death of a defendant. But where it is a trespass upon the freehold, the action will not survive the death of either a plaintiff or defendant. An implied contract to pay cannot arise out of a trespass upon land, and an avowed adverse holding in his own right by the defendant. 5 *Watts* 474; 10 *Serg. & Rawle* 220.

But as to Sarah M'Intire, her right to the land has never yet been established, nor does it appear to have had any existence when the recovery was had by the other two plaintiffs. No legal inference arises from the fact of her afterwards going into possession. She stands then in the position of bringing an action of assumpsit, to establish, 1st, her right to the land—that the defendant, as to her, was a trespasser—that she may waive that trespass even as to her freehold, and maintain assumpsit to recover *mesne* profits. She could not recover now in any form of action, even if John Nevin were alive, without showing title—the verdict and judgment would not be evidence for her, and the fact, that she had title is not found in the case. If the action can be maintained at all, as to two of the plaintiffs, the verdict and judgment in ejectment, is conclusive as to their right to recover *mesne* profits from the time of demise laid, but as to the other plaintiff, it is not evidence at all. The establishment of the principle upon which this action is founded, brings us to the awkward conclusion of being obliged to try the title to a tract of land in an action of assumpsit, for money had and received.

[Bard v. Nevin.]

It requires no argument to convince the court, that the plaintiffs must all recover, or none. But can the plaintiffs maintain a joint action? Conceding for the argument, that they were always tenants in common, they have but a unity of possession and not of title, interest or time. Joint-tenants must sue jointly, but tenants in common cannot maintain a joint action, unless it be trespass for an immediate injury to their joint possession. See *Bac. Ab.* tit. Joint Tenants and Tenants in Common. They can not avow jointly, but must sever; because they are seized *per me at per lui.* They may join in an action of debt for rent, but that is because it is on an express contract to pay them jointly. Heirs at law, cannot maintain a joint action for their estate, in the hands of an administrator or executor; each must sue for himself. One tenant in common could not release the interests of his co-tenant. His declarations are not evidence against his co-tenant, all of which he could do if they could sue jointly.

Per Curiam.—The principle which ruled Harker *v.* Whitaker, and which was taken from Pultney *v.* Warren, is applicable to the circumstances of the present case in all its force. The action is brought against the personal representative of a deceased defendant in ejectment, for *mesne* profits, which accrued during the pendency of that action; and for such a cause, it was shown in the first of those cases, an action at law cannot be sustained as a substitute for a bill in equity, because, as it was shown in the other, a bill in equity itself, would not lie. Whatever be the right of the plaintiffs in conscience, it is very clear they are without remedy.

Judgment affirmed.